UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWARAN KAUR and BALBIR SINGH, | No. 2:14-cv-0875 KJM DAD PS |
| Plaintiffs, | |
| v. | ORDER |
| COMPTROLLER OF THE CURRENCY, et al., | |
| Defendants. | |

Plaintiffs Swaran Kaur and Balbir Singh are each proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiff Balbir Singh has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) However, unless the applicable filing fees are paid, each plaintiff must file their own separate application to proceed in forma pauperis. Therefore, plaintiff Swaran Kaur must file a separate application to proceed in forma pauperis.[1]

---

[1] Additionally, although both plaintiffs are listed in the caption of the complaint and have signed the complaint, only plaintiff Balbir Singh has listed on the complaint an address and telephone number. Local Rule 131 requires that the name, address and telephone number of each plaintiff appear in the upper left-hand corner of the first page of the complaint.

1

Moreover, the determination that a plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a).

Here, plaintiffs' complaint fails to set forth a short and plain statement of a claim showing that they are entitled to relief. In this regard, plaintiffs' 57-page complaint lists six causes of action, against defendants the Office of the Comptroller of the Currency, the Federal Reserve System, Rust Consulting, Wells Fargo Bank, and Wells Fargo Mortgage Specialist Audra Hutton, allegedly stemming from a payment plaintiffs received as a result of an agreement between

2

federal banking regulators and Wells Fargo Bank after plaintiffs' home was foreclosed upon.

Within the complaint's identified causes of action are multiple additional causes of action. For example, the complaint's purported first cause of action is for the "violation of laws." (Compl. (Dkt. No. 1) at 37.) Within that first cause of action are additional headings for alleged violations of plaintiffs' right to equal protection, "constitutional rights," and due process. (Id. at 37-38.) Those causes of action are not asserted against any specific defendant but instead merely refer generally to the defendants.

Moreover, the thrust of plaintiffs' complaint is their dissatisfaction with the amount of payment they received after an Independent Foreclosure Review, stemming from an agreement reached between federal banking regulators and Wells Fargo. However, the complaint fails to identify how that agreement or the payment plaintiffs received as a result provided plaintiffs with the basis for a cause of action. Additionally, while the complaint refers to allegations of fraud and conspiracy, those allegations have not been pled with particularity.[2]

In this regard, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

---

[2] Under Federal Rule of Civil Procedure 9(b), fraud-based claims must be pled with "particularity." Thus, "[a]verments of fraud must be accompanied by the who, what, when, where and how of misconduct charged" to give defendants notice of the particular conduct they must defend. Vess v. Ciba-Geigy Corp.USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). "In a fraud action against a corporation, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Khan v. CitiMortgage, Inc., No. CV F 13-1378 LJO JLT, 2013 WL 5486777, at *7 (E.D. Cal. Sept. 30, 2013) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 157 (1991)). Similarly, conspiracy allegations should identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000), and identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights." Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997).

1   enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
2   557).  A plaintiff must allege with at least some degree of particularity overt acts which the
3   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

4   Accordingly, for the reasons explained above, plaintiffs' complaint will be dismissed for
5   failure to state a cognizable claim.  The undersigned has carefully considered whether plaintiffs
6   may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for
7   denying leave to amend include undue delay, bad faith, prejudice, and futility."  California
8   Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also
9   Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)
10  (holding that while leave to amend shall be freely given, the court does not have to allow futile
11  amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se
12  plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no
13  set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745
14  F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also
15  Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint
16  without leave to amend is proper only if it is absolutely clear that the deficiencies of the
17  complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202,
18  1203-04 (9th Cir. 1988)).

19  Here, the court cannot yet say that granting leave to amend would be futile.  Plaintiffs'
20  complaint will therefore be dismissed, and they will be granted leave to file an amended
21  complaint.  Plaintiffs are cautioned, however, that if they elect to file an amended complaint "the
22  tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable
23  to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere
24  conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can
25  provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.
26  Those facts must be sufficient to push the claims "across the line from conceivable to
27  plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).
28  /////

      Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

    1. Within twenty-eight days from the date of this order, plaintiff Swaran Kaur shall file an application to proceed in forma pauperis or pay the required filing fee.

    2. The complaint filed April 8, 2014 (Dkt. No. 1) is dismissed with leave to amend.

    3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

    4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  July 24, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\kaur0875.lta.ord.docx