1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SWARAN KAUR and BALBIR SINGH,              No.  2:14-cv-0875 KJM DAD PS

12                    Plaintiffs,

13             v.                                ORDER

14    COMPTROLLER OF THE CURRENCY,
      et al.,
15

16                    Defendants.

17

18            Plaintiffs Swaran Kaur and Balbir Singh are each proceeding in this action pro se.  This

19    matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and

20    28 U.S.C. § 636(b)(1).

21            On April 8, 2014, plaintiffs filed a complaint, (Dkt. No. 1), and a motion to proceed in

22    forma pauperis only as to plaintiff Balbir Singh.  (Dkt. No. 2.)  On July 24, 2014, the undersigned

23    issued an order dismissing the complaint with leave to amend and ordering plaintiff Swaran Kaur

24    to either also file a motion to proceed in forma pauperis or to pay the required filing fee.  On

25    August 19, 2014, plaintiffs filed an amended complaint and a motion to proceed in forma

26    pauperis on behalf of plaintiff Swaran Kaur.  (Dkt. Nos. 4 & 5.)

27            However, instead of waiting for the court to review the amended complaint pursuant to 28

28    U.S.C. § 1915 and issue a summons, plaintiffs attempted to serve the amended complaint on the

                                                   1

1   named defendants.  On September 8, 2014, defendants Audra Hutton and Wells Fargo Bank,

2   N.A., filed a motion to dismiss and on October 24, 2014, this matter came before the undersigned

3   for hearing of defendants' motion to dismiss.  (Dkt. No. 6.)  Attorney Gurinder Grewal appeared

4   telephonically on behalf of defendants Wells Fargo Bank, N.A. and Audra Hutton.  Plaintiffs

5   Swaran Kaur and Balbir Singh appeared in person on their own behalf and requested further leave

6   to amend.

7          The undersigned has reviewed the in forma pauperis applications submitted by the

8   plaintiffs and finds that they make the showing required by the statute.  Accordingly, plaintiffs'

9   request to proceed in forma pauperis will be granted.

10          However, the determination that a plaintiff may proceed in forma pauperis does not

11   complete the inquiry required by the statutes.  The court must dismiss an in forma pauperis case

12   at any time if the allegation of poverty is found to be untrue or if it is determined that the action is

13   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

14   relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous

15   when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

16   Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must

17   dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or

18   where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

20   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

21   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

22   true the material allegations in the complaint and construes the allegations in the light most

23   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

24   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

25   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

26   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

27   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

28   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  FED. R. CIV. P. 8(a).

Here, plaintiffs' amended complaint is deficient in several respects.  First, it does not appear from the amended complaint that this court has subject matter jurisdiction over this action.  Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

3

1    jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

2    "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

3    . . . and may be dismissed sua sponte before service of process.").

4         Here, plaintiffs' amended complaint asserts that this court has subject matter jurisdiction

5    over this action pursuant to 28 U.S.C. §§ 1331 and 1346(a)(1).  Title 28 U.S.C. § 1331 provides

6    that this court shall have original jurisdiction over all civil actions arising under the Constitution,

7    laws, or treaties of the United States.  However, the only clearly asserted causes of action in the

8    amended complaint are six state law causes of action. Although there are multiple vague and

9    conclusory references to the Constitution and laws of the United States throughout plaintiffs'

10    amended complaint there are no clearly identifiable claims alleged pursuant to either the

11    Constitution or the laws of the United States to be found therein.

12         With respect to 28 U.S.C. § 1346(a)(1), that statute provides that this court shall have

13    original jurisdiction in "[a]ny civil action against the United States for the recovery of any

14    internal-revenue tax alleged to have been erroneously or illegally assessed . . . ."  It does not

15    appear, however, that there are any allegations in the plaintiffs' amended complaint implicating

16    the recovery of an internal-revenue tax.

17         To the extent plaintiffs are attempting to bring a claim against the Office of Comptroller

18    of the Currency, it appears that such a claim stems from plaintiffs' belief that they received an

19    insufficient payment under the terms of consent orders entered into between, among others,

20    defendant Wells Fargo and banking regulators, to resolve inquiries into deficient practices in

21    mortgage loan servicing and foreclosure processing.  In this regard, the amended complaint

22    alleges as follows:

23            This case against said defendants is for the recovery of damages
            caused by the alleged defendants' unlawful and unfair conduct in
24             the IFR scheme involving distribution of settlement funds under
            QSF to eligible borrower whose mortgages were serviced by Wells
25             Fargo, Plaintiff is one of them . . . .  The defendants' practice of
            steering minority borrowers as to (sic) Plaintiff into lower payout
26             category under IFR is illegal.

27    (Am. Compl. (Dkt. No. 4) at 7.)

28    /////

1    However, the consent orders placed at issue by plaintiffs' allegations do not provide them

2    with a private right of action to enforce the terms and conditions of those consent orders.  See

3    Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("a well-settled line of

4    authority from this Court establishes that a consent decree is not enforceable directly or in

5    collateral proceedings by those who are not parties to it even though they were intended to be

6    benefited by it"); Green v. Bank of America Corp., 530 Fed. Appx. 426, 430 (6th Cir. 2013)

7    (plaintiff "has no right to enforce the terms and conditions of the OCC Consent Orders");

8    Housdan v. JPMorgan Chase Bank, N.A., No. 3:13-CV-543-CWR-FKB, 2014 WL 4814760, at

9    *5 (S.D. Miss. Sept. 24, 2014) ("The OCC consent orders do not provide the Plaintiff with a

10   private cause of action."); Conant v. Wells Fargo Bank, N.A., --- F. Supp.2d ---, 2014 WL

11   3696444, at *12 (D. D.C. July 25, 2014) ("Reviewing this language and identical language in

12   other OCC consent orders, other courts have concluded that homeowners lack the ability to sue

13   for enforcement of such consent orders."); Onyszcsak v. Wells Fargo Bank, N.A., No. 13-12166,

14   2013 WL 6038863, at *5 (E.D. Mich. Nov. 14, 2013) ("The Court finds that this language clearly

15   establishes Plaintiffs have no right to enforce the Consent Order against Defendant.").[1]

16   Second, even if it appeared from the amended complaint that the court had subject matter

17   jurisdiction over this action, the amended complaint fails to contain a short and plain statement of

18   a claim showing that plaintiffs are entitled to relief.  Plaintiffs' amended complaint is an

19   exceedingly lengthy 99 pages of vague and conclusory allegations that fail to allege facts stating

20   the elements of a claim plainly and succinctly against any defendant.

21

22   [1]  When this issue was raised at the October 24, 2014 hearing, plaintiffs directed the court to
     review the decision in In re JPMorgan Chase Mortg. Modification Litigation, 880 F. Supp.2d 220
23   (D. Mass 2012).  That decision, however, concerned whether the consent orders at issue in that
     action precluded the court's subject matter jurisdiction over the plaintiff's various claims because
24   12 U.S.C. § 1818(i)(1) "prohibits any action that 'could effect' the enforcement of an OCC
     consent order."  (Id. at 231.)  The district court in that case concluded that "where plaintiffs allege
25   that Chase breached the TPP agreements, § 1818 does not preclude the court from acting to
     remedy the breach as the result would not be inconsistent with the Consent Order."  (Id. at 232.)
26   Thus, In re JPMorgan addressed whether the plaintiff in that case could pursue a claim unrelated
     to the enforcement of the consent orders.  Here, it appears plaintiffs are attempting to bring a
27   cause of action founded squarely on the enforcement of the consent orders – specifically, how
     much plaintiffs were entitled to under the terms of the consent orders.
28

1      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

2 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

3 state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

4 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

5 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

6 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

7 enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

8 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the

9 defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

10      Lastly, even if plaintiffs' amended complaint established that this court had subject matter

11 jurisdiction and stated a cognizable claim for relief, this is not the first lawsuit plaintiffs have

12 pursued against the defendants named in the amended complaint.[2]  See Singh v. Wells Fargo

13 Bank N.A., No. CIV 2:11-cv-0401 GEB JFM PS, 2011 WL 2118889 (E.D. Cal. 2011); Singh v.

14 Wells Fargo Bank, N.A., Case No. CO70609, 2013 WL 6173099 (Cal. App. 3 Dist. Nov. 26,

15 2013).

16      Plaintiffs are advised that claims brought in a prior lawsuit, and any claim that plaintiffs

17 could have brought in a prior lawsuit but failed to, would be barred from being brought in this

18 action by res judicata.  Under the doctrine of res judicata, "a final judgment on the merits bars

19 further claims by parties or their privies based on the same cause of action."  Montana v. United

20 States, 440 U.S. 147, 153 (1979).  The doctrine also "bars all grounds for recovery which could

21 have been asserted, whether they were or not, in a prior suit between the same parties . . . on the

22 same cause of action."  C .D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987)

23 (internal quotations omitted).

24      Accordingly, for the reasons explained above, plaintiffs' amended complaint will be

25 dismissed for lack of subject matter jurisdiction.  The undersigned has carefully considered

26 whether plaintiffs may further amend the complaint to state a claim that would provide this court

27

28
  [2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    with subject matter jurisdiction.  "Valid reasons for denying leave to amend include undue delay,

2    bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>,

3    818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med.</u>

4    <u>Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be

5    freely given, the court does not have to allow futile amendments).  However, when evaluating the

6    failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it

7    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

8    would entitle him to relief.'"  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting

9    <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  <u>See also</u> <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205

10   (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

11   absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

12   (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

13           Here, the court cannot yet say that granting further leave to amend would be futile.

14   Plaintiffs' amended complaint will therefore be dismissed, and they will be granted leave to file a

15   second amended complaint.  Plaintiffs are cautioned, however, that if they elect to file a second

16   amended complaint "the tenet that a court must accept as true all of the allegations contained in a

17   complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

18   action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft</u>, 556 U.S. at 678.

19   "While legal conclusions can provide the complaint's framework, they must be supported by

20   factual allegations."  <u>Id.</u> at 679.  Those facts must be sufficient to push the claims "across the line

21   from conceivable to plausible[.]"  <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

22           Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make

23   an amended complaint complete.  Local Rule 220 requires that any amended complaint be

24   complete in itself without reference to prior pleadings.  The second amended complaint will

25   supersede amended complaint just as the amended compliant superseded the original complaint.

26   <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in a second amended complaint, just as

27   if it were the initial complaint filed in the case, each defendant must be listed in the caption and

28   identified in the body of the complaint, and each claim and the involvement of each defendant

7

1  must be sufficiently alleged.  Any second amended complaint which plaintiffs may elect to file

2  must also include concise but complete factual allegations describing the conduct and events

3  which underlie plaintiffs' claims.

4  CONCLUSION

5       Accordingly, IT IS HEREBY ORDERED that:

6          1.  Plaintiffs' applications to proceed in forma pauperis (Dkt. Nos. 2 & 5) are

7  granted.

8          2.  The amended complaint filed September 8, 2014 (Dkt. No. 6) is dismissed with

9  leave to amend.

10          3.  Within twenty-eight days from the date of this order, plaintiffs may file a

11  second amended complaint that cures the defects noted in this order and complies with the

12  Federal Rules of Civil Procedure and the Local Rules of Practice.  The second amended

13  complaint must bear the case number assigned to this action and must be titled "Second Amended

14  Complaint."

15          4.  Failure to file a second amended complaint within the time provided by this

16  order will result in a recommendation that this action be dismissed.

17          **5.  Plaintiffs shall not attempt to serve a second amended complaint on any**

18  **defendant prior to receiving an order from this court directing such service and no**

19  **defendant named in a second amended complaint shall file a response to a second amended**

20  **complaint until this court has ordered such a response or issued a summons.**

21          6.  The September 8, 2014 motion to dismiss filed by defendants Audra Hutton

22  and Wells Fargo Bank, N.A. (Dkt. No. 6) is denied without prejudice as having been rendered

23  moot by this screening order.

24  /////

25  /////

26  /////

27  /////

28  /////

8

1    7.  Plaintiffs' October 20, 2014 motion for leave to file arguments in opposition

2 (Dkt. No. 19) is granted.

3  Dated:  October 27, 2014

4

5         DALE A. DROZD

6         UNITED STATES MAGISTRATE JUDGE

7

8 DAD:6
 Ddad1\orders.pro se\kaur0875.oah.102414.docx

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28