UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWARAN KAUR and BALBIR SINGH, | No. 2:14-cv-0875 KJM DAD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COMPTROLLER OF THE CURRENCY, et al., | |
| Defendants. | |

Plaintiffs Swaran Kaur and Balbir Singh are each proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On October 28, 2014, the undersigned issued an order granting plaintiffs' motions to proceed in forma pauperis, dismissing plaintiffs' first amended complaint and granting plaintiffs leave to file a second amended complaint. (Dkt. No. 21.) On December 3, 2014, plaintiffs filed a second amended complaint. (Dkt. No. 24.)

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or

1

1  in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
2  1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous
3  where it is based on an indisputably meritless legal theory or where the factual contentions are
4  clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

5        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
6  state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
7  570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
8  true the material allegations in the complaint and construes the allegations in the light most
9  favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
10 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
11 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
12 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
13 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
14 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15       The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a).

19       Here, plaintiffs' second amended complaint fails to contain a short and plain statement of
20 a claim showing that plaintiffs are entitled to relief. In this regard, in their second amended
21 complaint plaintiffs set forth 112 pages of vague and conclusory allegations before asserting their
22 first of six causes of action. With respect to those causes of action, the second amended
23 complaint attempts to assert a cause of action for fraud against "ALL DEFENDANTS" by simply
24 "repeat[ing] and re-alleg[ing] each and every [prior] allegation" made in the previous 112 pages.
25 (Sec. Am. Compl. (Dkt. No. 24) at 119.[1]) In their second amended complaint plaintiffs also
26 allege in vague and conclusory fashion that the "acts and practices of Defendants alleged herein

---

[1] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

violated General Business Law in that Defendants employed deception, misrepresentation, concealment, suppression, fraud and false promises . . . ." (Id.)

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)). "This Court has held consistently that in a fraud action against a corporation, a plaintiff must allege the names of the person who made the allegedly fraudulent misrepresentations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Land O'Lakes v. Gonsalves, 281 F.R.D. 444, 451 (E.D. Cal. 2012) (citation and quotation omitted). Here, plaintiffs' second amended complaint fails to plead the minimum facts required for a fraud claim.

The second amended complaint also attempts to allege a claim pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), against defendant Wells Fargo Bank, N.A., ("Wells Fargo"). (Sec. Am. Compl. (Dkt. No. 24) at 119.) The FDCPA, 15 U.S.C. § 1692, et seq., regulates conduct between consumers and "debt collectors." See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010); Rowe v. Education Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009). "[I]n order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." Robinson v. Managed Accounts Receivables Corp., 654 F. Supp.2d 1051, 1057 (C.D. Cal. 2009). Under the FDCPA, a debt collector is one who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that nonjudicial foreclosure is not debt collection." Rockridge Trust v. Wells Fargo, N.A., 985 F. Supp.2d 1110, 1136 (N.D. Cal. 2013). See also Aguirre v. Cal-Western Reconveyance Corp., No. CV 11-6911 (AGRx), 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ("law is well-settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA"); Lal v. American Home Servicing, Inc., 680 F. Supp.2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt."); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp.2d 1178, 1182 (D. Ariz. 2009) ("The Court finds the legislative history and the legal authority discussed above to be persuasive, and therefore finds that none of the Defendants (an assignee, a servicing company, and a fiduciary) is a 'debt collector' as defined in the FDCPA. The Court further finds that the non-judicial foreclosure proceeding at issue is not an attempt to collect a 'debt' for FDCPA purposes.").

Moreover, plaintiffs' second amended complaint fails to allege any facts from which the court could infer that Well Fargo's principal purpose is debt collection. See Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013) ("The complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to the Schlegels, establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA."); Fiorilli v. Wells Fargo Bank, N.A., No. C-14-0557 (DMR), 2014 WL 5454396, at *2 (N.D. Cal. Oct. 27, 2014) ("This conclusory assertion is insufficient because Plaintiff must plead the 'factual content' necessary to support a reasonable inference that Defendant is a 'debt collector.'"); O'Connor v. Wells Fargo, N.A., No. C-14-0211 DMR, 2014 WL 4802994, at *3 (N.D. Cal. Sept. 26, 2014) ("According to the allegations in the complaint and judicially noticeable facts, Plaintiff took out a mortgage loan

1  from Wells Fargo's predecessor, and Wells Fargo attempted to collect funds related to that loan.
2  These facts do not make Wells Fargo a debt collector for purposes of the FDCPA.  The complaint
3  fails to allege facts that Wells Fargo's principal purpose is the collection of debts or that Wells
4  Fargo collected these debts for another.").

5  In their second amended complaint plaintiffs also attempts to assert a cause of action for
6  the "DEPRIVATION OF RIGHTS" and a cause of action for "DISCRIMINATION" against all
7  defendants, in an entirely vague and conclusory manner, without alleging any facts to support
8  such causes of action.  For example, the second amended complaint alleges that "each Wells
9  Fargo's defendant . . . willfully and knowingly or conspire to oppress, injure, and damage the
10 Plaintiffs of rights secured by the Constitution," (Sec. Am. Compl. (Dkt. No. 24) at 122-23), and
11 that "Wells Fargo combined and conspired with each other their associates designated as 'DOES'
12 and Federal Defendant Officials designated as DOES with a mission of abusing the 'the Protected
13 Constitutional Rights of Plaintiffs.'"  (Id. at 126.)

14 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
15 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
16 state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.
17 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
18 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
19 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
20 enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at
21 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the
22 defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

23 Finally, in their second amended complaint plaintiffs attempt to assert two causes of
24 action pursuant to California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§
25 17200-17210 against "ALL DEFENDANTS."  (Sec. Am. Compl. (Dkt. No. 24) at 113-18.)
26 However, a claim under the UCL must rest on a violation of some independent substantive
27 statute, regulation or case law.  See Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 383 (Cal.
28 1992) (action under section 17200 borrows violations of other laws).  Here, the second amended

1 complaint fails to allege a viable claim based upon a violation of an independent statute,

2 regulation or case law.  Moreover, "Rule 9(b)'s heightened pleading standards apply to claims for

3 violations of the . . . UCL."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  See

4 also Pinel v. Aurora Loan Services, LLC, 814 F.Supp.2d 930, 941 (N.D. Cal. 2011) ("The

5 fraudulent conduct must be alleged with particularity under Rule 9(b).").  The second amended

6 complaint, however, fails to plead how any defendant allegedly violated the UCL with the

7 required particularity.

8     In addition to failing to state a claim, it also appears that this action is barred by the

9 doctrine of res judicata.  In this regard, the second amended complaint names as defendants,

10 among others[2], Wells Fargo, and Audra Hutton, a Wells Fargo Executive Mortgage Specialist,

11 and alleges that this "action arises out of Defendants' role in connection with Plaintiffs' loan and

12 mortgage fraud complaints."  (Sec. Am. Compl. (Dkt. No. 24) at 5.)  The present action, however,

---

[2] Although not clearly articulated in any cause of action asserted by plaintiffs, it appears from a reading of their second amended complaint that they are attempting to bring a claim against the "Federal Defendants," which include the "Chair of the Board of Governors of the Federal Reserve System," the United States Attorney General and the Office of Comptroller of the Currency, ("OCC"), stemming from plaintiffs' belief that they received an insufficient payment under the terms of consent orders entered into between, among others, defendant Wells Fargo and banking regulators resolving inquiries into deficient practices in mortgage loan servicing and foreclosure processing.  (Sec. Am. Compl. (Dkt. No. 24) at 1.)  In this regard, in their second amended complaint plaintiffs allege that "Federal Defendants and/or the OCC" allowed defendant Wells Fargo "to confidentially settle IFR and other claims under original consent order by making cash payments that were a fraction of the contractual financial penalties under [the] original consent orders."  (Id. at 89.)  The consent orders placed at issue by plaintiffs' allegations do not provide them with a private right of action to enforce the terms and conditions of those orders.  See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("a well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it"); Green v. Bank of America Corp., 530 Fed. Appx. 426, 430 (6th Cir. 2013) (plaintiff "has no right to enforce the terms and conditions of the OCC Consent Orders"); Housdan v. JPMorgan Chase Bank, N.A., No. 3:13-CV-543-CWR-FKB, 2014 WL 4814760, at *5 (S.D. Miss. Sept. 24, 2014) ("The OCC consent orders do not provide the Plaintiff with a private cause of action."); Conant v. Wells Fargo Bank, N.A., 60 F. Supp.2d 99, 117 (D. D.C. July 25, 2014) ("Reviewing this language and identical language in other OCC consent orders, other courts have concluded that homeowners lack the ability to sue for enforcement of such consent orders."); Onyszcsak v. Wells Fargo Bank, N.A., No. 13-12166, 2013 WL 6038863, at *5 (E.D. Mich. Nov. 14, 2013) ("The Court finds that this language clearly establishes Plaintiffs have no right to enforce the Consent Order against Defendant.").

appears to be plaintiffs' third action brought against defendant Wells Fargo concerning plaintiffs' loan and mortgage fraud related claims.

On March 29, 2010, plaintiff Kaur, proceeding through counsel, "filed a complaint in the San Joaquin County Superior Court . . . against Wells Fargo . . . . premised on claims of wrongful foreclosure proceedings initiated against" the property located at 17765 Daffodil Hill Street, Lathrop, California, "which was secured by a home mortgage loan . . . obtained on March 13, 2009."[3] Singh v. Wells Fargo Bank N.A., No. CIV 2:11-cv-0401 GEB JFM PS, 2011 WL 2118889, at *1 (E.D. Cal. May 27, 2011).[4] Plaintiff Kaur's second amended complaint in that action asserted the following ten causes of action: "1) breach of contract; (2) promissory estoppel; (3) equitable estoppel; (4) waiver; (5) breach of covenant of good faith and fair dealing; (6) violation of CAL. CIV. CODE §§ 2923.5 and 2923.6; (7) violation of Cal. Civil Code § 2934; (8) violation of CAL. BUS. & PROF. CODE § 17200; (9) unjust enrichment; and (10) accounting." (Id. at *2.) "On January 4, 2011, Wells Fargo's second demurrer was sustained without leave to amend." (Id.)

On January 21, 2011, plaintiff Singh, proceeding pro se, filed a complaint in the San Joaquin County Superior Court. (Id.) The first amended complaint in that action alleged the following 19 causes of action against defendant Wells Fargo: "(1) declaratory relief; (2) fraud and deceit; (3) fraud misrepresentation; (4) breach of contract; (5) breach of oral contract; (6) promissory estoppel; (7) equitable estoppel; (8) set aside foreclosure; (9) the security first rule; (10) conspiracy; (11) accounting; (12) breach of covenant of good faith and fair dealing; (13) breach of fiduciary duty; (14) intentional infliction of emotional distress; (15) negligent infliction of emotional distress; (16) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; (17) violation of California Business and Professions Code § 17500; (18) violation of California Business and Professions Code § 17200; and (19) violation of California

---

[3] The property at issue in this action is also 17765 Daffodil Hill Street, Lathrop, California. (Sec. Am. Compl. (Dkt. No. 24) at 17.)

[4] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also FED. R. EVID. 201.

7

Civil Code § 1788.17.6." (Id.)

Plaintiff Singh's action was removed to this court on February 11, 2011. (Id.) On May 27, 2011, the Magistrate Judge assigned in to that case issued findings and recommendations finding that the RESPA claim failed as a matter of law and that the court, therefore, lacked subject matter jurisdiction over the action. (Id. at *4.) The findings and recommendations recommended that this court decline to exercise supplemental jurisdiction over the complaint's state law causes of action and that the matter be remanded back to the San Joaquin County Superior Court. (Id. at *5-6.) Those findings and recommendations were adopted by the assigned District Judge in that action on July 11, 2011. See Singh v. Wells Fargo Bank N.A., No. CIV 2:11-cv-0401 GEB JFM PS (E.D. Cal. 2011). On remand, the state court sustained Wells Fargo's demurrers without leave to amend and on appeal the California Court of Appeal affirmed the judgment. See Singh v. Wells Fargo Bank, N.A., C070609, 2013 WL 6173099 (Cal. App. 3 Dist. Nov. 26, 2013). The state appellate court concluded as follows in that case:

> In this real estate case, plaintiff Balbir Singh sued two banks after he and his wife lost a parcel of real property in a trustee's sale. The trial court ultimately sustained the banks' demurrers without leave to amend and dismissed Singh's action. On appeal, we conclude that Singh has failed to show, with suitable legal analysis and proper citation to the record on appeal and to appropriate legal authority, any error by the trial court in its ruling on the banks' demurrers. Accordingly, we affirm.

2013 WL 6173099, at *1.

The doctrine of res judicata governs "[t]he preclusive effects of former litigation." Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 77 n. 1 (1984). "Res judicata applies when 'the earlier suit . . . (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" Mpoyo v. Litton ElectroOptical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002)). The court looks at four criteria to determine whether "two suits involve the same claim or cause of action . . . (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by

8

1  prosecution of the second action; (3) whether the two suits involve infringement of the same

2  right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo,

3  430 F.3d at 987 (citing Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921 (9th Cir. 2003)).

4      Here, plaintiffs seek to present the same claims against the same defendant they have

5  twice previously sued in actions that terminated with the granting of defendant's demurrers. See

6  Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("In

7  California, a judgment entered after the sustaining of a general demurrer is a judgment on the

8  merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of

9  action, it will bar a second action on the same facts."). Accordingly, plaintiffs' second amended

10  complaint that is now pending before the court in this action is barred by the doctrine of res

11  judicata.

## LEAVE TO AMEND

13      For the reasons stated above, plaintiffs' second amended complaint should be dismissed.

14  The undersigned has carefully considered whether plaintiffs could further amend their complaint

15  to state a claim upon which relief can be granted that would not be barred by the doctrine of res

16  judicata. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice,

17  and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472

18  (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d

19  1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court

20  does not have to allow futile amendments). Here, in light of the deficiencies noted above and

21  plaintiffs' inability to successfully amend their complaint, the undersigned finds that it would be

22  futile to grant plaintiffs further leave to amend in this case.

23      Accordingly, IT IS HEREBY RECOMMENDED that:

24      1. Plaintiffs' December 3, 2014 second amended complaint (Dkt. No. 24) be

25  dismissed without leave to amend; and

26      2. This action be dismissed.

27      These findings and recommendations will be submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 26, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\kaur0875.dwolta.f&rs.docx